**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,

Petitioner,

v.

ANDREA MAPSTONE, and UNITED STATES POSTAL SERVICE,

Respondents.

Case No. : _____

**PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS**

## I. Introduction

Julie A. Su, the Acting Secretary of Labor for the United States Department of Labor ("Petitioner"), brings this Petition to Enforce Administrative Subpoenas to: (1) compel Andrea Mapstone ("Mapstone"), a current management employee of the United States Postal Service ("USPS"), to comply with an administrative subpoena *ad testificandum* issued by the United States Department of Labor's Occupational Safety and Health Administration ("OSHA"); and (2) compel USPS to comply with a subpoena *duces tecum* issued by OSHA and to provide certain documents that USPS has refused to provide.

As to the subpoena *ad testificandum*, Mapstone – following the instructions of USPS's attorney – has refused to provide testimony if OSHA is going to make an audio recording of the interview (which is OSHA's intention) unless OSHA also hires a court reporter to record the

interview and make a transcription of the interview.[1] In other words, USPS and Mapstone are attempting to dictate the manner in which OSHA conducts its interview by demanding that either (1) OSHA not record the interview at all, or (2) record the interview and also pay for a court reporter to create a transcript of the interview. Mapstone and USPS have no valid basis for insisting upon the manner in which OSHA will conduct and record the interview. Petitioner requests that this Court issue an order requiring Mapstone to comply with the subpoena and provide testimony under oath which will be audio recorded by OSHA without the presence of a court reporter.

As to the subpoena *duces tecum*, OSHA has directed USPS to provide documents that identify certain employees (who have information relevant to the alleged illegal discriminatory conduct) by name and, in addition, to provide certain information about each of those employees: positions, dates of employment, worksite locations, and contact information including telephone numbers, email addresses, and home addresses. USPS has provided the names of the employees but has refused to provide any of the other information unless OSHA first obtains a "Privacy Act protective order from a court of competent jurisdiction." However, as explained below and in the attached Memorandum of Law, these circumstances fall within paragraph (b)(7) of the Privacy Act, 5 U.S.C. § 552a(b)(7), and therefore the Privacy Act does not provide a valid basis for USPS to refuse to provide this information. In the alternative, if the Court finds that the request does not fall within that Privacy Act exception, Petitioner seeks an order from the Court directing USPS to provide the documents and information as contemplated by paragraph (b)(11).

[1] The USPS attorney accepted service of the subpoena by e-mail on behalf of Mapstone, and neither USPS nor Mapstone has raised any issues regarding service of the subpoena.

## II. Background

In this case, the subpoenas were issued in the course of a whistleblower investigation of USPS conducted by OSHA pursuant to the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 *et seq*. (the "OSH Act").[2] The investigation was prompted by a complaint filed by a USPS employee ("Complainant") on October 17, 2023, alleging that she was disciplined by Mapstone after she reported various safety concerns to her supervisors and after she suffered an injury at work even though she was not at fault.

On June 21, 2024, as part of its investigation, OSHA conducted a first interview of Mapstone because Mapstone observed the incident during which Complainant was injured and was also the supervisor who made the decision to discipline Complainant in October of 2023.[3] Almost immediately after this first interview of Mapstone, USPS employees allegedly conducted multiple safety observations of Complainant while she delivered mail on her route and concluded that she engaged in unsafe practices (allegedly not wearing her shoulder harness while driving, not using a turn signal, and not using the hazard lights while delivering mail). Complainant alleges that she was targeted by Mapstone and USPS, and that in seventeen years working for USPS, no one had ever conducted a safety observation of her on her route. She also alleges that when other employees have been disciplined for similar alleged infractions, the discipline consisted of merely receiving additional training. As a result of these alleged safety

---

[2] There is no dispute that USPS is covered by the OSH Act pursuant to the Postal Employees Safety Enhancement Act of 1998.

[3] The same USPS attorney was present at Mapstone's first interview and attempted second interview. At the first interview, when the USPS attorney objected to OSHA recording but not transcribing the interview, a decision was made to forego recording the interview in order to avoid delay and complete the interview. OSHA's decision to proceed with the interview at that time should in no way impact its right to determine whether to record a second interview of Mapstone.

observations, Complainant was terminated just five days after Mapstone was interviewed the first time.

Complainant reported her termination to OSHA on June 27, 2024, and OSHA's investigation now includes the additional allegation that Complainant was terminated as a means of retaliation after OSHA's first interview of Mapstone. Thus, OSHA needs to conduct a second interview of Mapstone addressing the alleged safety observations of Complainant and the basis for Complainant's termination in June of 2024.

**III. Subpoena *Ad Testificandum***

Section 11(c) of the OSH Act prohibits employers from discriminating against employees who file safety complaints with OSHA, or complain about safety to their employers, or otherwise engage in any activities that are protected under the Act. *See* 29 U.S.C. § 660(c). Section 8(b) of the OSH Act authorizes the Secretary to "require the attendance and testimony of witnesses and the production of evidence under oath." 29 U.S.C. § 657(b). Section 8(b) also empowers this Court to enforce the Secretary's subpoena by issuing an order requiring Respondent "to give testimony relating to the matter under investigation or in question." 29 U.S.C. § 657(b). A failure to obey such order may be punished as contempt of court. *Id.*

As explained in detail in the attached Memorandum of Law, OSHA is entitled to determine the manner in which it will conduct interviews pursuant to a subpoena, such as when and where the interviews take place, who will conduct them, whether they will be conducted in person or virtually, whether or not they will be recorded, and whether or not a court reporter will be hired to transcribe the interview. "[J]udicial review of administrative subpoenas is 'strictly limited.'" *University of Medicine and Dentistry of N.J. v. Corrigan*, 347 F.3d 57, 64 (3d Cir. 2003) (quoting *FTC v. Texaco, Inc.*, 555 F.2d 862, 871-72 (D.C. Cir. 1977) (*en banc*)). As long

as a subpoena is "within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant," a court must order that the subpoena be enforced. *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950); *see also Dole v. Trinity Indus., Inc.*, 904 F.2d 867, 871 (3d Cir. 1990) (applying *Morton Salt* standard in OSHA subpoena enforcement context). Moreover, "because of the important governmental interest in the expeditious investigation of possible unlawful activity," *FTC v. Texaco, Inc.*, 555 F.2d at 872, subpoena enforcement proceedings '"are designed to be summary in nature,'" *United States v. American Target Advertising, Inc.*, 257 F.3d 348, 353 (4th Cir. 2001) (quoting *United States v. Sturm, Ruger & Co.*, 84 F.3d 1, 5 (1st Cir. 1996)); *see also ICC v. Gould*, 629 F.2d 847, 851-52 (3d Cir. 1980).

When the *Morton Salt* standard is satisfied, the burden shifts to the respondent to establish that enforcement of the subpoena would be improper or an abuse of process. *See Chao v. Cmty. Tr. Co.*, 474 F.3d 75, 79 (3d Cir. 2007); *Sec. & Exch. Comm'n v. Wheeling-Pittsburgh Steel Corp.*, 648 F.2d 118, 125 (3d Cir. 1981). An abuse of process occurs when the administrative agency is acting for an improper purpose, such as to harass or pressure settlement in a collateral matter, or any other purpose that lacks good faith. *U.S. v. Powell*, 379 U.S. 48, 58 (1964). Thus, the manner in which a sworn interview is conducted is left to the agency to determine and, absent an improper purpose or an abuse of process, the court must enforce the subpoena.

Here, Mapstone has no valid basis for refusing to comply with the subpoena simply because she and her employer, USPS, would prefer that her testimony be transcribed by a court reporter in addition to being recorded. Neither Mapstone nor USPS is entitled to dictate the manner in which OSHA conducts interviews pursuant to its statutory authority to investigate

allegations of illegal retaliation. Petitioner therefore seeks an order from the Court compelling Mapstone to provide sworn testimony that will be recorded by OSHA without a court reporter being present.

**IV. Subpoena *Duces Tecum***

Petitioner also requests that this Court compel USPS to provide the employee information sought by the subpoena *duces tecum*. Item 1 in the list of documents attached to the subpoena directs USPS to produce "[d]ocuments sufficient to show all contact information, including full names, positions, dates of employment, worksite location, telephone numbers, email addresses and home addresses for all employees employed by the New Salem Pennsylvania Post office at any time during the period of September 15, 2023 – October 15, 2023." Item 8 directs USPS to produce "[a]ll contact information, including full names, positions, dates of employment, worksite location, telephone numbers, and email addresses for the United States Postal Service safety observers; 'POOM F Safety Team' who observed Complainant."

OSHA routinely requests and obtains such information about employees from employers during investigations. Obtaining this information is crucial for OSHA because it allows OSHA to contact employees and interview them confidentially, which OSHA is authorized to do under the OSH Act.

USPS has provided the names of the employees in question but has refused to provide any of the additional information about these employees. USPS's explanation for its refusal is that

> the Privacy Act permits Respondent to disclose employee protected information if an exception applies, but it does not *require* Respondent to do so. To the extent that DOL-OSHA is not satisfied with coordinating employee interviews through the undersigned counsel, Respondent must insist that the parties obtain a Privacy Act protective order

> from a court of competent jurisdiction. Once a Privacy Act protective order is in place, Respondent will suppllent [sic] this response.

(emphasis in original).

As explained in the attached Memorandum of Law, the Privacy Act does not provide a valid basis for refusing to provide this information. As USPS expressly acknowledges, if a Privacy Act exception applies, USPS is permitted to disclose this kind of employee information. The applicable Privacy Act exception in this case is found at 5 U.S.C. § 552a(b)(7) and provides that records maintained on individuals may be disclosed by an agency if it would be

> to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to the agency which maintains the record specifying the particular portion desired and the law enforcement activity for which the record is sought.

Since that exception is applicable, the Privacy Act does not prevent USPS from providing the documents, and therefore USPS must provide the documents pursuant to OSHA's administrative subpoena.

Moreover, if USPS's position – that it is not required to comply with OSHA's subpoena unless a court orders it to do so – is upheld by this Court, it would mean that USPS is entitled to refuse to comply with similar requests *every time* OSHA requests such information in all future whistleblower investigations across the country. In other words, USPS contemplates a world in which, in every investigation in which OSHA needs this kind of employee information from USPS, the Secretary must file a petition to enforce, a federal court must docket the matter, a district court judge or magistrate must review the pleadings, and the court must issue an order. This is not only legally incorrect, but would also constitute an overwhelming and essentially pointless burden for both OSHA and the federal courts.

In the alternative, if the Court finds that paragraph (b)(7) does not apply, an order issued by a court of competent jurisdiction constitutes a separate exception to the disclosure limitations in the Privacy Act. 5 U.S.C. § 552a(b)(11). "Requests for court orders under § 552a(b)(11) should be evaluated by balancing the need for the disclosure against the potential harm to the subject of the disclosure." *Perry v. State Farm Fire & Cas. Co.*, 734 F.2d 1441, 1447 (11th Cir. 1984) (citations omitted). Here, Petitioner's need for this information is vital to completing a thorough investigation of the alleged illegal retaliatory conduct, and OSHA obtaining this information will not result in any harm to the individuals.

Petitioner incorporates by reference as if fully set forth herein her Memorandum of Law in Support of Petition to Enforce Administrative Subpoenas, and the exhibits attached thereto.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**SAMANTHA N. THOMAS**
Regional Solicitor

**CHANNAH S. BROYDE**
Associate Regional Solicitor

*/s/ Judson H. Dean*
**JUDSON H. DEAN**
Senior Trial Attorney
Pro Hac Vice Pending

*/s/ Matthew R. Epstein*
**Matthew R. Epstein**
Regional Counsel
PA Bar ID No. 209387

U.S. Department of Labor
Office of the Regional Solicitor

| | 1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103-2968<br>dean.judson@dol.gov<br>(215) 861-5138 (voice)<br>(215) 861-5162 (fax) |
|---|---|

*Attorneys for Petitioner Julie A. Su, Acting Secretary of Labor, United States Department of Labor*